Michael FORTI

v.

## DEPARTMENT OF EMPLOYMENT AND TRAINING, BOARD OF REVIEW.

No. 96–303–M.P.

Supreme Court of Rhode Island.

April 28, 1997.

Richard A. Skolnik, Providence.

Donald J. Elbert, Jr.

### ORDER

This case came before the court for oral argument April 7, 1997, pursuant to an order that had directed both parties to appear and show cause why the issues raised by this petition for certiorari should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be decided at this time.

Michael Forti (employee) has petitioned this court to review by certiorari a judgment of the District Court which sustained a decision by the Board of Review of the Department of Employment and Training (board of review) finding him to be ineligible for unemployment compensation since he was discharged for an act of misconduct. The board of review in turn had affirmed the findings and conclusions of a referee. The decision of the referee made the following findings of fact and conclusions:

"The claimant was employed for approximately two months by the employer [Project Development Group, Inc.] *through* June 30, 1995. On June 30, 1995 the

claimant and his supervisor had a heated argument. During this argument the claimant threatened the supervisor. As a result of this threat the claimant was discharged by the supervisor and the police were called to remove the claimant from the employer's premises. The claimant had also threatened this supervisor previously on June 6, 1995.

"The issue in this case is whether or not the claimant was discharged under disqualifying circumstances within the meaning of section 28–44–18 of the Rhode Island Employment Security Act.

"In order to impose a disqualification under the provisions of Section 28–44–18, there must be proof that the person who was discharged committed an act of misconduct in connection with the work. Misconduct is the willful disregard of the interest of one's employer.

"The burden of proof in establishing misconduct rests solely on the employer. In the instant case, the employer has met this burden. Based upon the facts the claimant was terminated by the employer after threatening his supervisor on June 30, 1995. He had also previously threatened this same supervisor on June 6, 1995. I find that the claimant's actions were in willful disregard of the employer's best interests. Therefore, I must hold that the claimant is not entitled to benefits under the above Section of the Act."

Thereafter on appeal by the employee to the District Court, a judge of that court upheld the decision of the board of review with the following comment:

"This Court believes that the Board of Review correctly applied the law and made a factual determination, supported by evidence, as to what occurred on June 30. Given the limited scope of review pursuant to G.L.1956 § 42–35–15(g) the Court sees no reason to disturb the decision below and affirms that decision."

The evidence supports the finding that June 30, 1995, was the last day of employment of Michael Forti. Consequently when the heated argument took place the employee was still employed by his employer. Our examination of the record discloses compe-tent evidence to support of the judgment of the District Court. Consequently, the petition for certiorari is denied and dismissed. The writ heretofore issue is quashed. The judgment of the District Court is affirmed. The papers in the case may be remanded to the District Court with our decision endorsed thereon.